UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY C. CUMMINGS                      CIVIL ACTION

VERSUS                                   NUMBER: 11-0687

MAJOR ANTONIO JOHNSON                    SECTION: "J"(5)


**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Gregory C. Cummings, and the State's memorandum in response thereto. (Rec. docs. 3, 12). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the instant petition be dismissed with prejudice.

**I. PROCEDURAL HISTORY**[1]

Petitioner, Gregory C. Cummings, a state prisoner presently incarcerated in the Madison Parish Detention Center, Tallulah, Louisiana, was charged on October 20, 2006 by bill of information

---

[1] A portion of the procedural history was taken from the Louisiana Fifth Circuit Court of Appeal's opinion, <u>State v. Cummings</u>, 997 So.2d 135 (La. App. 5 Cir. 2008).

with possession with intent to distribute cocaine, a violation of LSA-R.S. 40:967(A). Cummings pled not guilty at arraignment. Cummings filed several pre-trial motions, including a motion to suppress evidence. After a hearing on March 8, 2007, the trial court denied Cummings' motion to suppress. After a one-day trial on April 24, 2007, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, the jury found Cummings guilty as charged. Cummings filed a motion for new trial, which was denied by the trial court. The trial court sentenced Cummings to 15 years at hard labor with the first two years to be served without benefit of parole, probation or suspension of sentence.

On January 22, 2008, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction but remanded the matter with instructions that the trial court advise Cummings of his prescriptive period for seeking post-conviction relief and rule upon Cummings' pending motion to reconsider sentence. State v. Cummings, 977 So.2d 135 (La. App. 5 Cir. 2008).[2] On September 26, 2008, the Louisiana Supreme Court denied Cummings' writ application. State v. Cummings, 992 So.2d 984 (La. 2008).

---

[2] In accordance with the state appellate court's remand, on January 29, 2008, the district court sent a letter to Cummings advising him that he had two years within which to timely seek post-conviction relief and, on September 22, 2009, the district court denied Cummings' motion to reconsider sentence. (St. rec., vol. 1).

On March 27, 2008, before the Louisiana Supreme Court had issued an opinion on direct appeal, Cummings filed an application for post-conviction relief. (St. rec., vol. 1). On April 9, 2008, the district court denied Cummings' post-conviction application on the merits. (St. rec., vol. 1). On June 1, 2008, Cummings filed a motion to withdraw his application for post-conviction relief. (St. rec., vol. 1). On July 8, 2008, the district court denied Cummings' motion. (St. rec., vol. 1). On November 10, 2008, the Louisiana Fifth Circuit determined that the district court erred in denying Cummings' motion to withdraw his post-conviction application, finding that the district court lacked jurisdiction to rule on Cummings' post-conviction application because Cummings' direct appeal was still pending before the Louisiana Supreme Court. State v. Cummings, No. 2008-KH-780 (La. App. 5 Cir. Nov. 10, 2008) (unpublished opinion).[3]

On October 27, 2008, after the Louisiana Supreme Court denied Cummings' writ application in connection with his direct appeal, Cummings filed another application for post-conviction relief with the state district court. (St. rec., vol. 1). On November 18, 2008, the district court denied Cummings' post-conviction application as repetitive and successive. (St. rec., vol. 1). The

---

[3]A copy of the state appellate court's November 10, 2008 unpublished opinion is contained in the State rec., vol. 3.

3

Louisiana Fifth Circuit, however, ordered the district court to consider Cummings' second post-conviction application, reasoning that because the district court lacked jurisdiction in connection with its disposal of Cummings' first post-conviction application, the district court erred in denying his second post-conviction application as repetitive. See State v. Cummings, No. 2008-KH-1229 (La. App. 5 Cir. Jan. 14, 2009), and State v. Cummings, No. 2008-KH-1270 (La. App. 5 Cir. Jan. 14, 2009) (unpublished opinion).[4]

In accordance with the Louisiana Fifth Circuit's directive, on May 27, 2009, the district court considered Cummings' claims and denied relief. (St. rec., vol. 3). On July 27, 2009, the Louisiana Fifth Circuit likewise denied Cummings post-conviction relief. Cummings v. State, No. 2009-KH-0456 (La. App. 5 Cir. July 27, 2009). Finally, on October 15, 2010, the Louisiana Supreme Court denied Cummings' writ application. State ex rel. Cummings v. State, 46 So.3d 1282 (La. 2010).

On March 23, 2011, Cummings filed the instant habeas corpus action. Cummings raises the following claim: counsel was ineffective as a result of her failure to act when Cummings' right to a fair trial was violated due to the introduction of evidence which had been tampered with, i.e., the evidence introduced at

---

[4]Copies of the state appellate court's January 14, 2009 unpublished opinions are contained in the St. rec., vol. 3.

trial was not the same as was confiscated at the crime scene. The State, in its opposition (rec. doc. 12, p. 5), concedes, and this Court's review of the record confirms, that Cummings' habeas application is timely. The State, however, contends that Cummings has failed to exhaust his state court remedies. (Rec. doc. 12, p. 11). Nevertheless, this Court will address the merits of Cummings' claim. Under the provisions of 28 U.S.C. §2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

## II. **FACTS**[5]

At trial, Deputy Robert Miles and Deputy Justin Brown of the Jefferson Parish Sheriff's Office testified that they were on patrol in Jefferson Parish on October 4, 2006. At approximately 10:30 p.m., they were stopped in the parking lot of a Baker's Dozen donut shop when they saw defendant and an unidentified man come from around the corner of the shop. According to Deputy Miles, the business appeared abandoned and was in a high crime area. Defendant threw a cup on the ground, which Deputy Miles described as littering. Deputy Brown also saw one of the men throw down a

---

[5] The relevant facts are as found by the state appellate court in the opinion rendered in connection with petitioner's direct appeal. See State v. Cummings, 977 So.2d 135 (La. App. 5 Cir. 2008).

cup.  The officers ordered the men to pick up the cup.

Deputy Miles and Deputy Brown decided to question the two men about the littering violation and to investigate what they were doing behind the closed or abandoned business late at night.  For their safety, the officers asked the two men to step over to their police car.  Deputy Miles began to question the men about their activities, and he asked them for identification.  At that time, defendant acted as if he was choking or coughing.  According to Deputy Brown, defendant was doubled over, as if he was ill.  Deputy Miles asked defendant if he was choking.  When Deputy Brown moved closer to defendant, he pushed Deputy Brown and began to run.[6]

Deputy Brown chased defendant on foot, never losing sight of him.  Deputy Miles pursued defendant in his vehicle.  During the chase, Deputy Brown observed defendant reach into his pocket with his right hand, pull out two plastic bags, and discard them.  The bags landed in the street.  As Deputy Miles was exiting his vehicle, he also observed defendant stick his hand into his right pocket and throw two off-white colored objects that struck a parked vehicle and landed in the street.  While pursuing defendant, both deputies lost sight of the other man.  Deputy Miles testified that

---

[6]Deputy Brown identified defendant in court as the man who pushed him and ran.

6

the other man was not his primary concern because he had not committed a battery on a police officer or any other crime in his presence.

Defendant was subsequently apprehended and placed under arrest. Deputy Miles retrieved the objects defendant had thrown, which he described as two individual packages containing rocks of crack cocaine. Deputy Miles testified that the packaging was consistent with the sale of narcotics. When asked if he found proceeds from the sale of narcotics on defendant, Deputy Miles replied, "We found some cash."

Thomas Angelica, a forensic scientist for the Jefferson Parish Sheriff's Office, testified that the off-white material in the two plastic bags tested positive for cocaine. The net weight of the cocaine was approximately 11.13 grams.

Lieutenant Bruce Harrison of the Jefferson Parish Sheriff's Office, an expert in the use, packaging, distribution, and value of controlled dangerous substances, testified that the drugs in this case were in very large chunks and could be cut into smaller pieces for resale. The weight of the drugs, based on his visual inspection, was consistent with possession with intent to distribute. He stated that the value of the drugs seized would be approximately $400 to $500, which was not consistent with personal

use. Rather, the value was consistent with a business operation. This amount of drugs, after being cut into smaller pieces, could be sold on the street for between $1000 and $2000, depending on the number of pieces.

Defendant testified that on the night in question, he was coming from his house, which is three houses away from Baker's Dozen. When he was asked by the police if he was going to leave the cup on the ground, he told them that the cup did not belong to him but he would pick it up. He testified that when he brought the cup to the police officer, the officer told him that he looked like a drug dealer and told him to place his hands on the car. Defendant stated that he complied. Robert, the man walking with him that night, also placed his hands on the car. The officers began to question defendant about drugs, but defendant told them that he did not know about any drugs or have drugs because he had only been released from prison for six weeks. He told the officers that he had just finished serving a sixteen-month sentence.[7] Defendant claimed that he was not in possession of the drugs recovered by the police, but it was possible that the other man he

---

[7]Defendant testified that the sixteen-month sentence was for false imprisonment with a weapon. At trial, defendant also admitted that he previously was convicted for being a convicted felon in possession of a firearm in 1994, possession of cocaine in 1992, and burglary in 1976.

was with threw down the drugs. He also claimed that he did not push one of the deputies.

III. **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. §2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under §2254(d)(1) and questions of fact are reviewed under §2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). The United States Supreme Court has noted:

> §2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it

9

> decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. §2254(e)(1).

## IV. **ANALYSIS**

Cummings asserts that at trial the State introduced into evidence two large rocks of crack cocaine. However, one arresting police officer described the drugs confiscated from Cummings as two bags of small rocks. (St. Rec. Vol. 2 of 3, p. 131). Because the trial evidence allegedly differed from the seized evidence, petitioner asserts that the evidence was insufficient to support his conviction and counsel was ineffective for failing to raise a challenge based upon the "fabricated" drug evidence presented at

10

trial.

The seminal Supreme Court decision regarding ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668, 697 (1984), wherein the Court held that in order to prove that counsel was ineffective, petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, it may dispose of the claim without addressing the other prong.

Under the deficient performance prong of the Strickland test, "it is necessary to 'judge...counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (citing Strickland, 466 U.S. at 690). To prove prejudice under the Strickland standard, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Cummings argued that the drugs confiscated from him were not the drugs presented at trial. In rejecting Cummings' argument on post-conviction that the evidence was insufficient to support his

11

conviction, the district court reasoned:

> A lab report was introduced into evidence at trial. A proper foundation was laid to identify the narcotics as those recovered from the defendant. The jury had the opportunity to weigh the credibility of the police officers, as well as the laboratory experts....
>
> The evidence is very clear that two bags with rocks of crack cocaine were seized. A foundation was established at trial to connect these rocks of crack cocaine to the petitioner. The jury, hearing the evidence, concluded that the connection between the drugs [submitted at trial] and the defendant was proven beyond a reasonable doubt.

State v. Cummings, No. 2006-5475 (24th JDC May 27, 2009) (unpublished opinion).[8] The Court further notes that, in closing argument, counsel for Cummings specifically argued on her client's behalf that:

> Since the beginning of this Mr. Cummings has maintained his innocence. You heard his testimony. He has testified that the police are not telling the truth, that those drugs were not his, that he was with another individual, that that individual could have run in that same direction, and those drugs could have been on the ground from either that individual or from other individuals, because the police testified, and you heard all of them testify that was a very high crime, narcotics trafficking area, and it is not unusual for there to be paraphernalia and drugs in high drug trafficking neighborhoods, okay. I want y'all to think about that.
>
> (St. Rec. Vol. 2 of 3, p. 156).

Based upon the above, the Court finds that if counsel had

---

[8] A copy of the district court's unpublished opinion is contained in the State rec., vol. 3.

argued that the evidence was insufficient to convict Cummings because the drug evidence submitted at trial was not consistent with the drug evidence seized from Cummings, counsel clearly would not have been successful. Clearly, the jury had the opportunity to consider Cummings' position in this regard and simply rejected his contention. The law is clear that an attorney has no obligation to raise a futile argument. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (citing Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984) (per curiam)). Accordingly, Cummings' ineffective assistance of counsel claim is without merit.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the instant application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

1430 (5th Cir. 1996)(<u>en banc</u>).[9]

New Orleans, Louisiana, this <u>20th</u> day of <u>  January    </u>, 2012.

                                   *Alma L. Chasez*
                                  ALMA L. CHASEZ
                       UNITED STATES MAGISTRATE JUDGE

---

[9]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.